Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50405 | **DATE** | 5/30/2002 |
| **CASE TITLE** | WILKINSON vs. DIXONWEB PRINTING CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the court grants plaintiff's motion for leave to file a late jury demand.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY 30 2002 | 26 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5-30-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Nancy Wilkinson, has filed a two-count second-amended complaint under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 against defendant, Dixonweb Printing Company. Jurisdiction and venue are proper based on 42 U.S.C. §§ 12117(a), 2000e-5(f)(3). Plaintiff has filed a motion for leave to file a late jury demand under Rule 39(b) of the Federal Rules of Civil Procedure.

Plaintiff instituted this action on November 15, 2000, by filing a *pro se* complaint, but did not file a jury demand. Plaintiff then filed an amended *pro se* complaint on March 7, 2001, again without the necessary jury demand. Standby counsel was appointed for plaintiff on March 23, 2001. Plaintiff thereafter retained private counsel on June 7, 2001. After learning that a jury trial had not been demanded, counsel filed the currently pending motion for leave to file late jury demand, along with a motion for leave to file an amended complaint, on March 19, 2002. The latter motion has since been granted.

Rule 38 of the Federal Rules of Civil Procedure mandates that a party must demand a jury by serving and filing a demand no later than ten days after service of the last pleading. Fed. R. Civ. P. 38(b). Failure to submit this demand results in the waiver of a jury trial. Fed. R. Civ. P. 38(d). Notwithstanding Rule 38(d), a court may, upon motion, order a trial by jury. Fed. R. Civ. P. 39(b). Rule 39(b) allows a district court considerable discretion in determining whether an untimely request for a jury trial may be granted. Fed. R. Civ. P. 39(b). If no strong and compelling reasons exist to deny the untimely jury demand, the demand should be granted. Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir. 1983) (citing Swofford v. B. & W., Inc., 336 F.2d 406, 409 (5th Cir. 1964), cert. denied, 379 U.S. 962 (1965)). The court is entitled to consider all circumstances, including lack of counsel, prejudice to the nonmoving party, reason for the delay in requesting a jury trial and whether the issues at hand are best tried before a jury. Members v. Paige, 140 F.3d 699, 703 (7th Cir. 1998); Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983), cert. denied, 464 U.S. 936 (1983). Consideration of an untimely demand for a jury trial should be approached with an open mind, and attention to the facts of the particular case. Members, 140 F.3d at 703.

In this case, plaintiff proceeded *pro se* for the first eight months of her case. Plaintiff filed her original complaint without counsel, and, being unaware that a demand for jury trial was necessary to assert her right to a jury trial, did not speak with standby counsel about a proper demand for jury trial. The reason for the delay in requesting a jury trial was primarily because of plaintiff's lack of counsel. Although the court notes it took plaintiff's privately retained attorney some nine months to file the present motion after he first appeared in the case, this court does not believe this delay, in and of itself, justifies denying plaintiff her right to a jury. As this is an employment discrimination case, the court believes that a jury trial is better suited than a bench trial to determine issues of fact and liability.

Defendant argues that it will suffer prejudice if a jury trial is granted. (Def. Mem. p. 4) In the court's opinion, any burden to fall on defendant will be slight. Plaintiff has agreed to allow defendant additional time for discovery, so defendant can gather additional information pertinent to a jury trial.[1] (Pl. Resp. p. 4) In addition, this jury demand was filed well before trial. Indeed, the late jury demand was filed before the close of fact discovery, which is set for May 31, 2002. The defendant, therefore, will have ample time to prepare for a jury trial.

For the reasons stated above, the court grants plaintiff's motion for leave to file a late jury demand.

---

[1] Under these circumstances, the court would likely look favorably upon a request for extension of discovery.